1

2

3

4

5

6

7

8 # UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10

11 THOMAS WEBSTER,

Case No. 1:18-cv-01640-BAM (PC)

12                Plaintiff,

ORDER PROVIDING DEFENDANT
HASKINS WITH THE OPPORTUNITY TO

13      v.

SHOW GOOD CAUSE FOR FAILING TO
WAIVE SERVICE

14 LOVE, *et al.*,

(ECF No. 30)

15                Defendants.

**THIRTY (30) DAY DEADLINE**

16

17      Plaintiff Thomas Webster ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma*

18 *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained under

19 California Welfare Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners

20 within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140

21 (9th Cir. 2000).

22      On November 8, 2019, the Court ordered the United States Marshal to initiate service of

23 process on Defendant Haskins. (ECF No. 29.) The Marshal was directed to attempt to secure a

24 waiver of service before attempting personal service on the defendant. If a waiver of service was

25 not returned by the defendant within sixty days, the Marshal was directed to effect personal

26 service on the defendant in accordance with the provisions of Federal Rule of Civil Procedure 4

27 and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with

28 evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently

1    incurred in effecting personal service.

2         On February 19, 2020, the United States Marshal filed a return of service USM-285 form

3    showing charges of $69.64 for effecting personal service on Defendant Haskins.  (ECF No. 30.)

4    The form shows that a waiver of service form was mailed to Defendant Haskins on November 18,

5    2019.  (Id.)

6         Pursuant to the Court's Order, Defendant Haskins is required to return the waiver to the

7    United States Marshal and the filing of an answer or a motion does not relieve her of this

8    obligation.  Defendant Haskins did not return a waiver, which resulted in the execution of

9    personal service on February 18, 2020.

10        Defendant Haskins filed an answer—in response to the Court's March 13, 2020 order to

11   show cause why default should not be entered—on March 30, 2020.  (ECF No. 32.)

12        Rule 4 provides that "[a]n individual, corporation, or association that is subject to service

13   under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons."

14   Fed. R. Civ. P. 4(d)(1).  "If a defendant located within the United States fails, without good cause,

15   to sign and return a waiver requested by a plaintiff located within the United States, the court

16   must impose on the defendant . . . the expenses later incurred in making service. . . ."  Fed. R.

17   Civ. P. 4(d)(2)(A).

18        It appears that Defendant Haskins was given the opportunity required by Rule 4(d)(1) to

19   waive service, but failed to return the waiver to the United States Marshal, although Defendant

20   Haskins did make an appearance in the action.  The Court shall provide Defendant Haskins with

21   the opportunity to show good cause for failing to waive service.  If Defendant Haskins either fails

22   to respond to this order or responds but fails to show good cause, the costs incurred in effecting

23   service shall be imposed.

24        Accordingly, it is HEREBY ORDERED that:

25   1.  Defendant Haskins may, within **thirty (30) days** from the date of service of this order,

26         show good cause for failing to waive service; and

27   ///

28   ///

2. If Defendant Haskins fails to respond to this order or responds but fails to show good cause, the Court shall impose the costs incurred in effecting service.

IT IS SO ORDERED.

Dated:     **April 6, 2020**                              /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE