# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WEBSTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LOVE, *et al.*,<br><br>　　　　Defendants. | Case No.  1:18-cv-01640-BAM (PC)<br><br>ORDER DISCHARGING APRIL 6, 2020 ORDER TO SHOW CAUSE<br>(ECF No. 35)<br><br>ORDER REQUIRING DEFENDANT HASKINS TO REIMBURSE UNITED STATES MARSHAL FOR COSTS INCURRED IN EFFECTING PERSONAL SERVICE<br>(ECF No. 30)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Thomas Webster ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained under California Welfare Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

　　　　On November 8, 2019, the Court ordered the United States Marshal to initiate service of process on Defendant Haskins. (ECF No. 29.)  The Marshal was directed to attempt to secure a waiver of service before attempting personal service on the defendant.  If a waiver of service was not returned by the defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Federal Rule of Civil Procedure 4 and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with

1  evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently
2  incurred in effecting personal service.

3      On February 19, 2020, the United States Marshal filed a return of service USM-285 form
4  showing charges of $69.64 for effecting personal service on Defendant Haskins.  (ECF No. 30.)
5  The form shows that a waiver of service form was mailed to Defendant Haskins on November 18,
6  2019.  (Id.)

7      Pursuant to the Court's Order, Defendant Haskins is required to return the waiver to the
8  United States Marshal and the filing of an answer or a motion does not relieve her of this
9  obligation.  Defendant Haskins did not return a waiver, which resulted in the execution of
10 personal service on February 18, 2020.

11     Defendant Haskins filed an answer—in response to the Court's March 13, 2020 order to
12 show cause why default should not be entered—on March 30, 2020.  (ECF No. 32.)

13     On April 6, 2020, the Court issued an order providing Defendant an opportunity to show
14 good cause for failing to waive service.  (ECF No. 35.)  In a response filed April 15, 2020,
15 Defendant elected to pay the $69.64 for effectuating personal service.  (ECF No. 38.)

16     Accordingly, it is HEREBY ORDERED as follows:

17 1. The April 6, 2020 order to show cause, (ECF No. 35), is DISCHARGED;
18 2. Defendant Haskins shall reimburse the United States Marshals Service **$69.64** within
19    **thirty (30) days** from the date of service of this order;
20 3. Payment shall be sent to the United States Marshals Service at 501 I Street, Suite 5600,
21    Sacramento, CA 95814, with the case number for this action clearly indicated; and
22 4. The Clerk's Office shall serve a copy of this order on the Sacramento Division of the
23    United States Marshals Service.

24 IT IS SO ORDERED.

25    Dated:   **April 16, 2020**                    /s/ *Barbara A. McAuliffe*
26                                       UNITED STATES MAGISTRATE JUDGE