# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WEBSTER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HASKINS,<br><br>　　　　　Defendant. | Case No. 1:18-cv-01640-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 44) |

Plaintiff Thomas Webster ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained under California Welfare Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). This action proceeds against Defendant Haskins for denial of adequate medical care in violation of the Fourteenth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 22, 37.)

Currently before the Court is Plaintiff's motion to appoint counsel, filed May 13, 2020. (ECF No. 44.) In his motion, Plaintiff states that he is unable to afford counsel, and his imprisonment will greatly limit his ability to litigate. In addition, he argues that the issues involved in this case are complex, and will require significant research and investigation, and Plaintiff has limited access to the law library and limited knowledge of law. A trial in this case will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross examine witnesses. Plaintiff states that he has made repeated efforts to obtain

a lawyer, and includes names of attorneys he has contacted. Plaintiff therefore requests that the Court appoint a member of the State Bar of California as counsel in this case. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners and civil detainees who are proceeding *pro se* and *in forma pauperis* almost daily. These litigants also must conduct legal research and learn to follow Court orders without the assistance of counsel. Finally, based on a review of the record in this case, the Court finds that Plaintiff can adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 44), is HEREBY DENIED, without prejudice.
IT IS SO ORDERED.

Dated:   **May 14, 2020**               /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE