# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WEBSTER,<br><br>                Plaintiff,<br><br>        v.<br><br>HASKINS,<br><br>                Defendant. | Case No.  1:18-cv-01640-BAM (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR THIRD-PARTY SUBPOENAS<br>(ECF Nos. 46, 47, 50)<br><br>ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE OF COURT TO TAKE REMOTE VIDEOTAPED DEPOSITION OF PLAINTIFF<br>(ECF No. 48) |

**I.   Background**

Plaintiff Thomas Webster ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained under California Welfare Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).  This action proceeds against Defendant Haskins for denial of adequate medical care in violation of the Fourteenth Amendment.  All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 22, 37.)

Currently before the Court are a variety of discovery-related motions from the parties.  Plaintiff has filed three separate motions for subpoenas to produce documents, information, or objects, with all subpoenas directed to third parties.  (ECF Nos. 46, 47, 50.)  Defendant Haskins,

in turn, has filed a motion for leave of court to take a remote videotaped deposition of Plaintiff. (ECF No. 48.)  The parties have not yet filed responses to any of the motions, but the Court finds responses unnecessary.  The motions are deemed submitted.  Local Rule 230(l).

**II.      Plaintiff's Motions for Third-Party Subpoenas**

In his motions, Plaintiff seeks third-party subpoenas directed to: (1) Spokeo Inc for information related to Dean Roberts; (2) Truthfinder Inc. for documents related to Defendant Haskins and Rhonda Love;[1] (3) Beenverified Inc. for documents related to Joan Helvig Krohn and Cristine Meene; (4) Whitepages Inc. for documents related to Erin Blackwood, also known as Erin Weber; (5) Department of State Hospitals Legal Division for documents related to Plaintiff and Haskins House; and (6) Clovis Community Hospital for documents related to Plaintiff.  (ECF Nos. 46, 47, 50.)

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. § 1915(d).  However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production of documents.  Fed. R. Civ. P. 34.  A request for the issuance of a records subpoena requires Plaintiff to: (1) identify with specificity the documents sought and from whom, and (2) make a showing that the records are only obtainable through that third party.

Plaintiff's instant requests for subpoenas do not meet these requirements.  Although Plaintiff has identified the type of information and documents sought and from whom, the subpoenas do not establish that the records are only obtainable through the specified third party. Specifically, it appears that the majority of the requests are intended to recover general background information regarding certain individuals, including Defendant Haskins and Plaintiff. Based on these motions, it does not appear that Plaintiff has made any effort to submit a

---

[1] Rhonda Love was dismissed from this action on October 23, 2019, pursuant to Plaintiff's notice of his willingness to proceed on his Fourteenth Amendment claim against Defendant Haskins and to voluntarily dismiss all other Defendants and all other claims.  (ECF No. 26.)

discovery request directly to Defendant Haskins regarding any information about Defendant Haskins or Plaintiff, or that Plaintiff has attempted to secure his own medical records without resorting to a subpoena.[2]

More importantly, Plaintiff has not established that the requested documents are relevant to any claim or defense in this action. Fed. R. Civ. P. 26(b). Indeed, most, if not all, of the requests are overly broad, concern individuals who are not parties to this action, and will result in the production of irrelevant documents and records. Finally, it appears that some of Plaintiff's requests are for general information that would require the creation of new documents, rather than the production of existing documents and records. Any third-party requests must be limited such that the burden or expense of the proposed discovery does not outweigh its likely benefit. Fed. R. Civ. P. 26(b)(1). The Court will not issue subpoenas that require the creation of documents that do not already exist. Accordingly, Plaintiff's instant requests for subpoenas shall be denied without prejudice.

Plaintiff may renew his request for third-party subpoenas by filing a motion that: (1) sets forth the specific documents requested and from whom; (2) demonstrates that the documents are only obtainable through the third party; and (3) establish the relevance of the requested documents to any claim or defense.

**III.     Defendant's Motion for Leave to Take Remote Videotaped Deposition of Plaintiff**

In her motion, Defendant argues that the relevant portions of the Federal Rules of Civil Procedure require a party to obtain leave of court before taking an oral deposition if the deponent is detained in prison, and for leave to take a deposition by remote means. (ECF No. 48.) Although Plaintiff is a civil detainee and therefore not "confined in prison" as stated in Federal Rule of Civil Procedure 30, Defendant is requesting leave of court in an abundance of caution. Defendant states that a remote deposition is necessary due to the COVID-19 outbreak. In

---

[2] The Court notes that in a response to Plaintiff's uncertified subpoena duces tecum, Clovis Community Hospital indicated that records regarding a specific patient—in this case, Plaintiff's own medical records—could be produced simply by a written authorization from the patient, and apparently included a HIPAA compliant authorization for Plaintiff's convenience. (ECF No. 50, p. 10.)

3

addition, Defendant requests that the Court issue an order that the Department of State Hospitals ("DSH") make reasonable efforts to facilitate the deposition as the Court deems appropriate.  (Id.)

Defendant's motion is denied as moot.  Pursuant to the Court's May 4, 2020 Discovery and Scheduling Order, "[p]ursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court."  (ECF No. 42, p. 2.)  No leave of Court is required for Defendant to take Plaintiff's deposition remotely or by videoconference.

With respect to Defendant's request that the Court issue an order directing DSH to facilitate the deposition, Defendant is informed that DSH is not a party to this action.  The Court therefore lacks jurisdiction to issue such an order, and further does not have any coordination with DSH in assisting with the arranging of depositions.  Counsel for Defendant Haskins may wish to contact the Litigation/Subpoena Department at DSH to facilitate the taking of Plaintiff's deposition pursuant to any security or COVID-19-related restrictions the facility may have in place.  Should Defendant encounter difficulty in arranging the taking of Plaintiff's deposition before the close of discovery, Defendant is free to seek appropriate extensions of time as necessary.

**IV.     Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions for subpoenas to produce documents, information, or objections, (ECF Nos. 46, 47, 50), are DENIED without prejudice; and
2. Defendant's motion for leave of court to take remote videotaped deposition of Plaintiff, (ECF No. 48), is DENIED as moot.

IT IS SO ORDERED.

Dated:   **October 6, 2020**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE