# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WEBSTER,<br><br>  Plaintiff,<br><br>  v.<br><br>HASKINS,<br><br>  Defendant. | Case No. 1:18-cv-01640-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY<br><br>(ECF No. 52) |

Plaintiff Thomas Webster ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained under California Welfare Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). This action proceeds against Defendant Haskins for denial of adequate medical care in violation of the Fourteenth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 22, 37.)

Currently before the Court is Plaintiff's motion for an order compelling discovery, filed October 13, 2020. (ECF No. 52.) Defendant has not had an opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

In his motion, Plaintiff argues that he propounded discovery and did not receive a response. (ECF No. 52.) Plaintiff states that more than thirty-three days have elapsed since he

1 mailed a Request for Production of Documents to Google.com.  (Id.)

2 As Plaintiff was informed in the Court's previous order denying his motions for third-
3 party subpoenas, subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena
4 commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of
5 the subpoena by the United States Marshal, 28 U.S.C. § 1915(d).  However, the Court will
6 consider granting such a request only if the documents sought from the non-party are not equally
7 available to Plaintiff and are not obtainable from Defendant through a request for the production
8 of documents.  Fed. R. Civ. P. 34.  A request for production of documents cannot be sent to a
9 nonparty, such as Google.  A request for the issuance of a records subpoena requires Plaintiff to:
10 (1) identify with specificity the documents sought and from whom, and (2) make a showing that
11 the records are only obtainable through that third party.

12 Plaintiff has never made a request for issuance of a third-party subpoena against
13 Google.com as required by Rule 45, nor does his instant motion to compel meet the requirements
14 for issuance of a third-party subpoena.  Plaintiff has requested from Google.com " 'documents'
15 and 'electronically stored information' including 'emails' from any of the individuals listed that
16 have a reference to [Plaintiff]."  (ECF No. 52, p. 4.)  Plaintiff has identified Defendant Natalie
17 Haskins, Rhonda Love, Erin Blackwood, Shiva Amin, Marc Grabau, Dean Roberts, and Cheryl
18 Wilkins as the individuals referenced in his request.  (Id. at 5.)

19 As Plaintiff was previously informed, Plaintiff has failed to establish that the records are
20 only obtainable through the specified third party or that he made any effort to submit a discovery
21 request directly to Defendant Haskins regarding any information about Defendant Haskins or
22 Plaintiff.  In addition, Plaintiff has not established that the requested documents or information
23 are relevant to any claim or defense in this action.  Fed. R. Civ. P. 26(b).  Most of the requests
24 concern individuals who are not parties to this action, and even if such documents or
25 communications reference Plaintiff's name, it is not clear that they relate to the claims raised in
26 this action.  If Plaintiff wishes to request a third-party subpoena related to the discovery requests
27 at issue here, he may file a motion that: (1) sets forth the specific documents requested and from
28 whom; (2) demonstrates that the documents are only obtainable through the third party; and

(3) establish the relevance of the requested documents to any claim or defense.

      Based on the foregoing, Plaintiff's motion asking for an order compelling discovery, (ECF No. 52), is HEREBY DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| Dated:  **October 15, 2020** | /s/ *Barbara A. McAuliffe* |
| | UNITED STATES MAGISTRATE JUDGE |