# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WEBSTER,<br><br>    Plaintiff,<br><br> v.<br><br>HASKINS,<br><br>    Defendant. | Case No. 1:18-cv-01640-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION TO COMPEL THIRD PARTY DISCOVERY<br><br>(ECF No. 55) |

  Plaintiff Thomas Webster ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained under California Welfare Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). This action proceeds against Defendant Haskins for denial of adequate medical care in violation of the Fourteenth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 22, 37.)

  Currently before the Court is Plaintiff's renewed motion for an order compelling third party discovery, filed October 22, 2020. (ECF No. 55.) Defendant has not yet had an opportunity to respond, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

///

1    In his motion, Plaintiff seeks third-party subpoenas directed to Google.com for emails sent by certain individuals that contain Plaintiff's name or any variation thereof.  (ECF No. 55.) Specifically, Plaintiff is seeking emails sent by (1) Natalie Haskins Employed as Director of Haskin's Residential Care; (2) Rhonda Love[1] Employed at Central Valley Conditional Release Program; (3) Erin Blackwood Employed as a rehabilitation therapist at Napa State Hospital; (4) Dr. Shiva Amin Employed at Department of State Hospitals; (5) Dr. Mark Grabau Employed at Department of State Hospitals; (6) Dean Roberts – Former Patient at Napa State Hospital; and (7) Cheryl Wilkins – Employed as a rehabilitation therapist at Napa State Hospital.  Plaintiff further states that he has sent interrogatories to Defendant Haskins, and was apparently dissatisfied with the responses received.  Thereafter, Plaintiff sent a request for production of documents to Defendant Haskins and is awaiting a response before filing a motion to compel pursuant to Federal Rule of Civil Procedure 37.

Plaintiff further states that he submitted a request for production of documents to the Department of State Hospitals, and he received a reply indicating that the Department of State Hospitals will not provide any documents without a subpoena from the Court.  Plaintiff has submitted a HIPAA waiver document to Clovis Community Hospital and is awaiting a response. Finally, Plaintiff states in a conclusory fashion that he is in possession of published information from the Department of Social Services and Department of State Hospitals, proving Plaintiff's contentions, and thus further discovery of emails from the individuals listed from Google "would provide needed information or would lead to information needed to gain evidence to be used in proving facts, or contentions to be presented at trial."  (ECF No. 55, p. 3.)

As Plaintiff has been informed, subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. § 1915(d). However, the Court will consider granting such a request only if the documents sought from the

---

[1] Rhonda Love was dismissed from this action on October 23, 2019, pursuant to Plaintiff's notice of his willingness to proceed on his Fourteenth Amendment claim against Defendant Haskins and to voluntarily dismiss all other Defendants and all other claims.  (ECF No. 26.)

non-party are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production of documents. Fed. R. Civ. P. 34.  A request for the issuance of a records subpoena requires Plaintiff to: (1) identify with specificity the documents sought and from whom, and (2) make a showing that the records are only obtainable through that third party. Plaintiff was further informed that if Plaintiff wished to request third-party subpoenas, he should file a motion that: (1) sets forth the specific documents requested and from whom; (2) demonstrates that the documents are only obtainable through the third party; and (3) establish the relevance of the requested documents to any claim or defense.

Plaintiff's renewed request for subpoenas do not meet these requirements.  Although Plaintiff has identified the type of information and documents sought and from whom, the subpoenas do not establish that the records are only obtainable through the specified third party.

Initially, Plaintiff admits that he is awaiting discovery responses from Defendant Haskins. Although it is not clear whether Plaintiff requested emails sent by Defendant that discussed Plaintiff by name, this type of request would be more appropriately directed to Defendant than a third party such as Google.

More importantly, Plaintiff has not established that the requested documents are relevant to any claim or defense in this action. Fed. R. Civ. P. 26(b).  Plaintiff's mere statement that the requested emails are relevant and will provided needed information is not sufficient to demonstrate their relevance to this action.  Although Plaintiff has listed the occupations of the individuals whose emails he wishes to obtain, Plaintiff has not stated why emails sent by these individuals, even if they include Plaintiff's name, are relevant to this case.  Plaintiff was apparently housed at the Haskins House facility for approximately six months, and this action proceeds on Plaintiff's claim that he was denied his medication for six days.  Aside from Defendant Haskins and Rhonda Love, none of the listed individuals are named in the first amended complaint, either as parties or witnesses to the events at issue, and Plaintiff has not clarified what information would be contained in these individuals' emails that would be relevant to this case.  The fact that Plaintiff's request is limited to emails that are about him is not sufficient to demonstrate relevancy to the specific claim raised in this case.

1        Finally, to the extent Plaintiff is arguing that because he has received responses from third
2   parties such as the Department of State Hospitals indicating that they will not respond to requests
3   for documents without a court-issued subpoena, is not enough of a justification for the Court to
4   issue a subpoena.  Plaintiff must still make the required showing that the requested documents
5   cannot be obtained elsewhere and that they are relevant to this action.
6        Accordingly, the Court finds that Plaintiff has not established that the requested
7   documents are relevant to any claim or defense in this action.  Fed. R. Civ. P. 26(b).  Plaintiff also
8   has not established that the third party requests are limited such that the burden or expense of the
9   proposed discovery does not outweigh its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  Again,
10  Plaintiff's conclusory statements that "the needs of the case and benefits outweighs the burden
11  and or expense to provide information and data," alone, is not sufficient to make such a showing.
12  (ECF No. 55, p. 10.)
13       Based on the foregoing, Plaintiff's renewed motion for an order compelling third party
14  discovery, (ECF No. 55), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **October 26, 2020**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE