# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WEBSTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HASKINS,<br><br>　　　　Defendant. | Case No. 1:18-cv-01640-BAM (PC)<br><br>ORDER DENYING SECOND MOTION TO APPOINT COUNSEL<br><br>(ECF No. 57) |

Plaintiff Thomas Webster ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained under California Welfare Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). This action proceeds against Defendant Haskins for denial of adequate medical care in violation of the Fourteenth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 22, 37.)

Currently before the Court is Plaintiff's second motion to appoint counsel, filed October 26, 2020. (ECF No. 44.) In his motion, Plaintiff states that his case presents an exceptional circumstance because he is mentally ill and has resided in a State Hospital since August 1994. Plaintiff suffers from stress related issues which are greatly contributed to by the legal aspects and responsibilities of these proceedings. In addition, Plaintiff is unable to afford counsel, and his

1  imprisonment will greatly limit his ability to litigate.  In addition, he argues that the issues
2  involved in this case are complex, and will require significant research and investigation, the law
3  library at Napa State Hospital is grossly inadequate and understaffed, and Plaintiff has no access
4  to the internet.  Plaintiff states that he has limited knowledge of law, and that the claims of this
5  case are clearly meritorious.  Plaintiff argues that he is now in possession of documents with a
6  State seal substantiating his contentions.  Finally, a trial in this case will likely involve conflicting
7  testimony, and counsel would better enable Plaintiff to present evidence, professional witnesses,
8  and cross-examine professional witnesses.  (Id.)

9  As Plaintiff has been informed, he does not have a constitutional right to appointed
10 counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on
11 other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
12 represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist.
13 of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
14 request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at
15 1525.

16 Without a reasonable method of securing and compensating counsel, the Court will seek
17 volunteer counsel only in the most serious and exceptional cases.  In determining whether
18 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
19 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
20 complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

21 The Court has considered Plaintiff's request, but does not find the required exceptional
22 circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
23 made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
24 This Court is faced with similar cases filed by prisoners and civil detainees who are proceeding
25 *pro se* and *in forma pauperis* almost daily.  Many of these litigants also suffer from physical and
26 mental illnesses.  These litigants also must conduct legal research and learn to follow Court
27 orders without the assistance of counsel.  Based on a review of the record in this case, the Court
28 finds that Plaintiff can adequately articulate his claims.  Furthermore, even if true that Plaintiff

has obtained documentation substantiating his contentions, which the Court cannot determine at this juncture, this merely supports the Court's finding that Plaintiff is capable of continuing to litigate this action *pro se*.

Accordingly, Plaintiff's second motion to appoint counsel, (ECF No. 57), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **October 28, 2020**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

3