# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WEBSTER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HASKINS,<br><br>　　　　　　Defendant. | Case No.  1:18-cv-01640-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS AND SECOND REQUEST FOR ORDER COMPELLING FURTHER DISCOVERY<br>(ECF Nos. 59, 74)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THIRD PARTY PRODUCTION OF DOCUMENTS<br>(ECF No. 72)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO STAY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND AMENDED SECOND REQUEST TO STAY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>(ECF Nos. 73, 81)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO APPOINT AN EXPERT WITNESS<br>(ECF No. 75)<br><br>ORDER DIRECTING PLAINTIFF TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Thomas Webster ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained under California Welfare Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140

1

1  (9th Cir. 2000).  This action proceeds against Defendant Haskins ("Defendant") for denial of

2  adequate medical care in violation of the Fourteenth Amendment.  All parties have consented to

3  Magistrate Judge jurisdiction.  (ECF Nos. 22, 37.)

4        Pursuant to the Court's May 4, 2020 discovery and scheduling order, the deadline for

5  completion of all discovery, including motions to compel, was January 4, 2021.  (ECF No. 42.)

6  The deadline for filing dispositive motions was March 15, 2021.  (*Id.*)

7        Currently before the Court are a variety of motions filed by Plaintiff concerning discovery

8  requests and Defendants' pending motion for summary judgment.  All are fully briefed or the

9  deadlines for filing responses and deadlines have expired.  The Court will address each in turn.

10  **I.  First Motion to Compel Discovery from Defendant**

11        On November 17, 2020, Plaintiff filed a motion for an order compelling disclosure or

12  discovery by Defendant.  (ECF No. 59.)  In response to the Court's order requiring Defendant to

13  respond to the motion, Defendant filed a response on December 29, 2020.  (ECF No. 62.)

14  Plaintiff filed a reply on February 23, 2021.[1]  (ECF No. 67.)

15        Plaintiff's motion to compel argues that on August 21, 2017, Defendant Haskins showed

16  Plaintiff two emails that were addressed to non-party Rhonda Love, with confirmation that they

17  were received, and Defendant has not produced those emails in response to Plaintiff's discovery

18  requests.  (ECF No. 59.)  Defendant responds that the specific emails identified by Plaintiff do not

19  exist, and Defendant sent all other communications that might have been responsive to the

20  Requests for Production at issue.  (ECF No. 62.)  Furthermore, Defendant Haskins declares, under

21  penalty of perjury, that as a policy she never shows residents of Haskins Residential Center

22  ("HRC") emails, or any other documents, stored on her computer due to the risk of an unintended

23  disclosure of confidential information.  (ECF No. 62-2, p. 2.)  In reply, Plaintiff contends that

24  Defendant has previously shown Plaintiff, and other residents of HRC, images or information on

25  her computer, belying her assertion that she never shows documents stored on her computer to

---

[1] Though the reply is untimely, Plaintiff states that he was diagnosed with COVID-19 and has had to report to a quarantine unit at his institution.  Plaintiff states that he has worked as diligently as possible in providing a timely response to Defendant's opposition to his motion to compel.  The Court therefore accepts the reply as timely filed.

residents of HRC. Plaintiff also attempts to correct other purported deficiencies in his original Requests for Production that were not originally raised in his motion to compel. (ECF No. 67.)

The Court cannot compel a party to produce documents that do not exist, and Defendant Haskins has declared, under penalty of perjury, that the specific emails at issue do not exist. Moreover, Defendant has attempted to comply with Plaintiff's discovery request to the best of her ability, conducting a search of files on her own computer and the files of her email provider, and produced those emails that were responsive to Plaintiff's request. (ECF No. 62-2.) In the absence of evidence to the contrary, which has not been presented here, Plaintiff is required to accept Defendant's response that, despite a diligent search, the specific requested emails do not exist. *See Mootry v. Flores*, 2014 WL 3587839, *2 (E.D. Cal. 2014). Accordingly, Plaintiff's first motion to compel is denied.

## II.     Second Motion to Compel Discovery from Defendant

On April 1, 2021, Plaintiff filed a second request for an order compelling further discovery from Defendant Haskins. (ECF No. 74.) Defendant filed an opposition on April 16, 2021. (ECF No. 80.) Plaintiff did not file a reply.

In his second motion to compel, Plaintiff appears to be submitting additional discovery requests—or more specific and targeted requests—in response to Defendant Haskins' objections to his earlier discovery requests. (ECF No. 74.) Defendant Haskins opposes the second motion to compel as untimely. (ECF No. 80.)

The Court agrees that Plaintiff's second motion to compel discovery from Defendant Haskins is untimely. The deadline for completion of all discovery, including the filing of motions to compel, was January 4, 2021. (ECF No. 42.) Plaintiff's second motion to compel was not filed until April 1, 2021, three months later. (ECF No. 74.) Plaintiff has not explained his failure to file the motion, or propound requests for documents, prior to the expiration of the discovery deadline, and therefore the motion is denied as untimely.

## III.    Motion for Third Party Production of Documents

On April 1, 2021, Plaintiff filed a motion requesting third party production of documents from third parties Dr. S. Amin and an individual possibly named Dr. Scott. (ECF No. 72.)

Plaintiff states that he had intended to ask for a subpoena to have these individuals testify at trial, but this discovery is now needed to respond to Defendant's motion for summary judgment. (*Id.*) Defendant filed an opposition on April 12, 2021, arguing only that the motion is untimely because it was filed after the close of discovery. (ECF No. 79.) Plaintiff did not file a reply.

The Court agrees that Plaintiff's motion for third party production is untimely. The deadline for completion of all discovery, including the filing of motions to compel, was January 4, 2021. (ECF No. 42.) Plaintiff's motion for third party production from Dr. Amin and Dr. Scott was not filed until April 1, 2021, three months later. (ECF No. 72.)

Plaintiff argues that he intended to subpoena these individuals to testify at trial, but now needs discovery in order to oppose Defendant's motion for summary judgment. This is not an adequate reason for filing this untimely discovery motion. It was Plaintiff's responsibility to conduct discovery in the time allotted, or timely request an extension, to defend against a possible summary judgment motion, rather than waiting to request discovery in preparation for trial. As it appears Plaintiff was aware of the names of these potential witnesses before Defendant's motion for summary judgment was filed, and prior to the close of discovery, Plaintiff has not provided sufficient explanation as to why he was unable to request production of these documents in a timely fashion, therefore the motion is denied as untimely.

**IV.     Request and Amended Second Request to Stay Motion for Summary Judgment**

On April 1, 2021, Plaintiff also filed a request to stay Defendant's motion for summary judgment, arguing that the Court should allow Plaintiff to obtain necessary discovery pursuant to Federal Rule of Civil Procedure 56(d)(2). (ECF No. 73.) Defendant filed an opposition on April 9, 2021, arguing that the motion is a procedurally defective attempt to reopen discovery. (ECF No. 77.)

Plaintiff filed an amended second request to stay the summary judgment motion in response to Defendant's opposition, attempting to correct some of the identified deficiencies in his first request. (ECF No. 81.) Plaintiff argues that he cannot respond to Defendant's statement of undisputed facts without discovery, and Defendant has refused to reply to his discovery requests or provided evasive or incomplete responses. (*Id.*) Defendant filed an opposition on

1  April 23, 2021, again arguing that Plaintiff's motion is a procedurally defective attempt to reopen
2  discovery, and Plaintiff has no reason for not having pursued discovery prior to the deadline.
3  (ECF No. 82.)  Plaintiff did not file a reply.

4  Federal Rule of Civil Procedure 56(d), formerly Rule 56(f), provides that "[i]f a
5  nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts
6  essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2)
7  allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other
8  appropriate order." Fed. R. Civ. P. 56(d).  In seeking relief under Rule 56(d), Plaintiff bears the
9  burden of specifically identifying relevant information, where there is some basis for believing
10 that the information actually exists, and demonstrating that the evidence sought actually exists
11 and that it would prevent summary judgment.  *Blough v. Holland Realty, Inc.*, 574 F.3d 1084,
12 1091 n.5 (9th Cir. 2009).

13 "Though the conduct of discovery is generally left to a district court's discretion,
14 summary judgment is disfavored where relevant evidence remains to be discovered, particularly
15 in cases involving confined *pro se* plaintiffs." *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir.
16 1988).  Thus, summary judgment in the face of requests for additional discovery is appropriate
17 only where such discovery would be "fruitless" with respect to the proof of a viable claim.  *Jones*
18 *v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004).  "The burden is on the nonmoving party, however,
19 to show what material facts would be discovered that would preclude summary judgment."
20 *Klingele*, 849 F.2d at 412; *see also Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995) ("The
21 burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show
22 that the evidence sought exists.").  Moreover, "'[t]he district court does not abuse its discretion by
23 denying further discovery if the movant has failed diligently to pursue discovery in the past.'"
24 *Conkle*, 73 F.3d at 914 (quoting *Cal. Union Ins. Co. v. Amer. Diversified Sav. Bank*, 914 F.2d
25 1271, 1278 (9th Cir. 1990)).

26 Plaintiff's motions are attempting to use Rule 56(d) to reopen discovery.  As discussed
27 above, discovery closed in this action on January 4, 2021, and Plaintiff has not provided any
28 explanation for his failure to complete discovery prior to that date.  Although Plaintiff argues that

5

he needs additional time to complete discovery due to Defendant's incomplete or evasive answers to his discovery requests, the appropriate way to address those concerns would have been through the filing of a motion to compel—prior to the expiration of the discovery deadline. Plaintiff was aware of the process for filing a motion to compel, as he filed multiple motions to compel discovery from third parties throughout the course of discovery.

However, Plaintiff filed only one timely motion to compel discovery from Defendant Haskins. (ECF No. 59.) That motion, addressed above, pertained solely to the production of two specific emails. It did not address concerns Plaintiff may have had with Defendant's responses to his other discovery requests, and the new requests included in Plaintiff's April 16, 2021 were filed more than three months late. Plaintiff has not explained why he failed to file a motion to compel regarding these previous discovery requests, and the Court declines to reopen discovery where Plaintiff has not shown that he diligently pursued discovery of these materials in the past. *Conkle*, 73 F.3d at 914. The motion is denied.

### V. Motion to Appoint Expert Witness

On April 8, 2021, Plaintiff filed a motion requesting the Court to appoint an expert witness. (ECF No. 75.) Defendant did not file a response.

In his motion, Plaintiff argues that he is indigent and unable to pay for an expert witness, and Defendant's motion for summary judgment requires Plaintiff to respond with an expert witness of his own. Further, appointment of an expert witness would avoid a wholly one-sided presentation of facts needed to resolve the issues at stake. (*Id.*)

Federal Rule of Evidence 706 authorizes courts, within their discretion, to appoint a neutral, independent expert witness. Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). The appointment of such an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997).

However, the statute authorizing a petitioner's *in forma pauperis* status does not authorize the expenditure of public funds for expert witnesses. *See* 28 U.S.C. § 1915; *Tedder v. Odel*, 890

F.2d 210, 211–12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses).  An indigent prisoner litigant must bear his or her own costs of litigation, including witnesses.  *See, e.g.*, *Tedder*, 890 F.2d at 211.

Furthermore, although a court may apportion costs for the expert witnesses among the parties, including apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker*, 180 F.3d at 1071, where the cost would likely be apportioned to the state, the court should exercise caution.

Finally, there is no indication that a neutral expert will be required to assist the trier of fact in this matter.  Plaintiff's allegations are not so complicated as to require the appointment of an expert witness to assist the court and/or a jury.  To the extent Plaintiff argues that appointment of an expert is necessary to avoid a one-sided presentation of the facts in this case, Plaintiff is informed that Federal Rule of Evidence 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff.  *Brooks v. Tate*, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (denying appointment of medical expert on behalf of state prisoner in section 1983 action); *Gorrell v. Sneath*, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party).  Moreover, Rule 706 is not a means to avoid the *in forma pauperis statute* and its prohibition against using public funds to pay for the expenses of witnesses.  *Manriquez v. Huchins*, 2012 WL 5880431, * 12 (E.D. Cal. 2012).

**VI.    Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for order compelling production of documents, (ECF No. 59), and second request for order compelling further discovery, (ECF No. 74), are DENIED;
2. Plaintiff's motion for third party production of documents, (ECF No. 72), is DENIED;
3. Plaintiff's request to stay Defendant's motion for summary judgment, (ECF No. 73), and amended second request to stay Defendant's motion for summary judgment, (ECF No. 81), are DENIED;

4. Plaintiff's motion for the Court to appoint an expert witness, (ECF No. 75), is DENIED;

5. Plaintiff's opposition to Defendant's motion for summary judgment is due within **twenty-one (21) days** from the date of service of this order; and

6. **Plaintiff's failure to file an opposition in compliance with this order will result in dismissal of this action, with prejudice, for failure to prosecute**.

IT IS SO ORDERED.

Dated:   **September 13, 2021**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE